IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

NELL ROSE DILBECK, )
 )
      Plaintiff, )
 )
v. ) Case No. CIV-13-235-D
 )
CAC FINANCIAL CORP., )
 )
      Defendant. )

## ORDER

Before the Court are three motions filed by Plaintiff Nell Rose Dilbeck to quash subpoenas issued by Defendant CAC Financial Corp. to non-parties: Plaintiff's Motion to Quash Defendant's Subpoena Directed Towards BancFirst [Doc. No. 27]; Plaintiff's Motion to Quash Defendant's Subpoena Directed Towards Kimmel & Silverman, P.C. [Doc. No. 29]; and Plaintiff's Motion to Quash Defendant's Subpoena Directed Towards Thomas Watts [Doc. No. 31]. Defendant has timely opposed the Motions, which are fully briefed and at issue.

This case arises under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. Plaintiff claims Defendant violated the Act by disclosing information about an unpaid medical bill to her son, and by engaging in conduct designed to harass her. Defendant allegedly committed these violations by repeatedly leaving telephone messages on an answering machine at a residence that Plaintiff shares with her son, Thomas Watts, from May, 2012, through September, 2012. Plaintiff alleges Defendant's unauthorized disclosure of her personal financial information, which she wished to keep private, caused her embarrassment, for which she seeks actual damages under 15 U.S.C. § 1692k(a)(1). Plaintiff is represented in this case by a nonresident attorney of the law firm of Kimmel & Silverman, P.C., who is experienced in consumer litigation of this type. *See* Order of 3/14/13 [Doc. No. 3] (granting motion for relief from LCvR83.3).

Defendant has issued three subpoenas for the production of documents to which Plaintiff objects. A subpoena to BankFirst seeks "[a]ccount cards, monthly statements and cancelled checks for the period July 1, 2010 through September 10, 2012, for any account in which Nell Rose Dilbeck held any beneficial interest or signature authority." *See* Notice of Subpoena [Doc. No. 22]. A subpoena to Thomas Watts seeks "[a]ny correspondence, specifically including e-mail, instant messages, web contact and any other form of electronic communication, which you either sent to, or received from the law firm of Kimmel & Silverman, P.C., or any attorney, employee or agent thereof." *See* Notice of Subpoena [Doc. No. 24]. Similarly, a subpoena to Kimmel & Silverman, P.C., seeks "[a]ny correspondence, specifically including e-mail, instant messages, web contact and any other form of electronic communication, which you or your employees or agents either sent to, or received from Thomas Watts." *See* Notice of Subpoena [Doc. No. 25]. The sole basis of Plaintiff's objection is lack of relevance.[1] Plaintiff contends her bank records are not relevant because this case does not concern nonpayment of the debt, and that communications between her attorneys and her son are irrelevant to any disputed issue.

"Relevance" for purposes of discovery is not limited to evidence that may be admissible at trial. *See In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1189 (10th Cir. 2009). Under the Federal Rules of Civil Procedure, "the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ.

---

[1] Plaintiff acknowledges Defendant is not seeking any communications protected by attorney-client privilege, but only communications between Mr. Watts and Plaintiff's attorneys concerning this case.

2

P. 26(b)(1). Upon consideration of the documents sought by Defendant in the context of this case, the Court easily finds the challenged subpoenas seek discoverable materials.

Defendant explains that the purpose of the subpoenas is to obtain information regarding Mr. Watts' involvement in managing his mother's financial and business affairs, including this lawsuit. Defendant has learned from the depositions of Plaintiff and Mr. Watts that, contrary to allegations of embarrassment and violation of privacy, Mr. Watts is an authorized signatory on the bank account of his mother (who is 85 years old), that he is her primary caretaker and assists in paying her bills, that he is a former client of Plaintiff's law firm, and that allegedly "he is the one who has orchestrated this entire lawsuit." *See* Def.'s Resp. Pl.'s Mot. Quash Subpoena Directed Towards Thomas Watts [Doc. No. 37] at 2; Def.'s Resp. Pl.'s Mot. Quash Subpoena Directed Towards Kimmel & Silverman [Doc. No. 38] at 2. Defendant thus seeks support for its defense to Plaintiff's allegations of unauthorized disclosure and embarrassment, and evidence relevant to her alleged damages. Further, communications between Plaintiff's attorneys and Mr. Watts may reveal the existence or location of additional documents or witnesses, or lead to the discovery of admissible evidence.

For these reasons, the Court finds that Plaintiff has failed to demonstrate the materials sought by Defendant are irrelevant to the parties' claims and defenses, and her Motions should be denied.

IT IS THEREFORE ORDERED that Plaintiff's Motions to Quash Defendant's Subpoenas [Doc. Nos. 27, 29 and 31] are DENIED.

IT IS SO ORDERED this 23rd day of August, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE