IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NELL ROSE DILBECK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-235-D |
| | ) |
| CAC FINANCIAL CORP., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court upon Defendant's Motion to Compel Third-Party Thomas Watts' Compliance with Subpoena [Doc. No. 69], and Thomas Watts' response thereto, which is combined with a Cross-Motion to Quash Subpoena [Doc. No. 74].[1]

Defendant CAC Financial Corp. seeks an order requiring Mr. Watts to produce his answering machine for inspection, in accordance with a subpoena served on September 17, 2013, except that Defendant has agreed to modify the subpoena to permit the inspection to occur at Mr. Watts' residence in Marlow, Oklahoma. Mr. Watts, who appears *pro se*, objects to the requested inspection on grounds of 1) embarrassment, in that it would disclose "personal or business messages or potentially embarrassing messages" of persons who have used the machine, 2) undue burden, in that it would require Mr. Watts to take time off work to be present for the inspection,[2] and arguably, 3) relevance, in that Mr. Watts does not recall testifying during his deposition regarding the

---

[1] Mr. Watts' filing fails to comply with LCvR7.1(c), which provides in pertinent part: "A response to a motion may not also include a motion or a cross-motion made by the responding party." Although he appears *pro se*, Mr. Watts must "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Future non-compliant filings may be stricken by the Court.

[2] Mr. Watts also contends the inspection would cause stress to his mother, Plaintiff Nell Rose Dilbeck, but she has not responded to Defendant's Motion.

operation of his answering machine. *See* Watts' Consolidated Resp. & Cross-Motion [Doc. No. 74], ¶¶ VI, IX, XI. Mr. Watts contends that a protective order would not eliminate these concerns because anyone present for the inspection could overhear the private messages.[3] *Id.* ¶ VI. In response, Defendant contends Mr. Watts' objection is untimely under Fed. R. Civ. P. 45(c)(2)(B), and he does not state "a recognizable objection." *See* Def.'s Resp. Br. [Doc. No. 75], ¶ 5.

This case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Plaintiff claims Defendant violated the Act by disclosing information about an unpaid medical bill to her son, and engaging in harassment. Defendant allegedly committed these violations by repeatedly leaving telephone messages on an answering machine at a residence Plaintiff shares with her son, Thomas Watts, from May, 2012, through September, 2012. Plaintiff alleges Defendant's unauthorized disclosure of personal, private financial information caused her embarrassment, for which she seeks actual damages under 15 U.S.C. § 1692k(a)(1).

Currently pending before the Court is Plaintiff's Motion for Partial Summary Judgment, which states as undisputed, material facts that "Thomas Watts' home answering machine plays each message in a row" and that "[w]hen Thomas Watts was listening to the messages left on his home answering machine, he heard Defendant's messages . . . seeking to collect a debt from Plaintiff." *See* Pl.'s Mot. Partial Summ. J. [Doc. No. 53] at 5, ¶¶ 16-17. Because Plaintiff has placed the operation of Mr. Watts' answering machine at issue in this case, the Court finds that the answering machine constitutes relevant evidence, and Defendant should be allowed to inspect it.

The Court further finds that Mr. Watts' objections of embarrassment and undue burden are insufficient to overcome his obligation to permit the discovery of relevant information. "A party seeking to quash a subpoena duces tecum has a particularly heavy burden as contrasted to a party

---

[3] Mr. Watts does not claim that privileged communications or other protected matter is at stake.

seeking only limited protection." *In re Coordinated Pretrial Proceedings in Petroleum Prod. Antitrust Litig.*, 669 F.2d 620, 623 (10th Cir. 1982).  Further, "a nonparty responding to a subpoena duces tecum is [not] in any different position than a party to the action." *Id.*  Where protection is sought, and the relevance of the requested material is not at issue, the district court should balance "the burden imposed upon the responding party if a protective order is not granted" against "the burden imposed on the requesting party if a protective order imposing conditions is granted." *Id*. Balancing the competing interests in this case, the Court finds that the burden to Mr. Watts if he is required to comply with the subpoena does not outweigh the burden to Defendant if it is deprived of relevant evidence, particularly in light of Defendant's agreement to conduct the inspection at Mr. Watts' residence at a mutually agreeable date and time.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel Third-Party Thomas Watts' Compliance with Subpoena [Doc. No. 69] is GRANTED, and Thomas Watts' Cross-Motion to Quash Subpoena [Doc. No. 74] is DENIED.  Mr. Watts shall comply with the Subpoena issued September 16, 2013, by producing his telephone answering machine for inspection by Defendant's attorney or agent at Mr. Watts' residence in Marlow, Oklahoma, by December 13, 2013.  Defendant and Mr. Watts shall confer to set a date and time for the inspection that is mutually agreeable to both parties, and upon a procedure for inspection which will minimize or eliminate the potential for the disclosure of sensitive or private telephone messages during the inspection.

IT IS SO ORDERED this 20th day of November, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE